UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SHYRITTA W.,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,[1]

Defendant.

Case No.: 3:22-cv-01668-AHG

**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**

**[ECF No. 20]**

Before the Court is Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b). ECF No. 20. For the reasons set forth below, the Court **GRANTS** the motion.

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano is substituted for former Acting Commissioner Kilolo Kijakazi as Defendant in this suit.

## I. BACKGROUND

Plaintiff Shyritta W. ("Plaintiff") filed this action on October 26, 2022, seeking review of the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits and supplemental security income benefits. ECF No. 1. On February 9, 2023, the parties filed a Joint Motion for Voluntary Remand to Agency pursuant to Sentence Four of 42 U.S.C. § 405(g) and Entry of Judgment. ECF No. 15. The Court granted the Joint Motion that same day, reversing the Commissioner's final decision and remanding the action to the Agency for further administrative proceedings. ECF Nos. 16, 17.

On February 23, 2023, pursuant to a joint motion, the Court awarded Plaintiff $2,200.00 in attorney fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF Nos. 18, 19. On remand, the Administrative Law Judge ("ALJ") issued a fully favorable decision on March 18, 2026, finding Plaintiff disabled since February 25, 2020. ECF No. 20-3 at 7–8. The Commissioner subsequently awarded Plaintiff $80,202.00 in past-due benefits and withheld $20,050.50 from Plaintiff's past-due benefits for payment of attorney fees. ECF No. 20-4 at 4.

In the instant motion, Plaintiff's counsel, Brian C. Shapiro, seeks attorney fees in the amount of $5,050.50 for representing Plaintiff in this action, payable to the Law Offices of Lawrence D. Rohlfing, Inc., CPC, and further requests that the Court order the firm to reimburse Plaintiff the amount of $2,200.00 for the EAJA fees previously paid by the Commissioner. ECF No. 20-1 at 4. The Commissioner has given substantive consideration to the merits of the motion and neither supports nor opposes counsel's request. ECF No. 22 at 2–3. Plaintiff was notified of her ability to respond to the motion and has not filed a response. *See* ECF No. 20 at 2.

## II. LEGAL STANDARD

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total

of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting 42 U.S.C. § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable[2] for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness of the fee award, courts must consider "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Crawford*, 586 F.3d at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

Finally, "an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

---

[2] The Court notes that the lodestar calculation does not apply to the instant motion. *See Gisbrecht*, 535 U.S. at 802 (explaining that the lodestar method is applicable to "disputes over the amount of fees properly shifted to the loser in the litigation" whereas "Section 406(b) is of another genre: [i]t authorizes fees payable from the successful party's recovery"); *see also Crawford*, 586 F.3d at 1148 ("SSDI attorney[] fees, in contrast, are not shifted. They are paid from the award of past-due benefits and the amount of the fee, up to 25% of past-due benefits, is based on the agreement between the attorney and the client."); *see, e.g.*, *Shultz v. Comm'r of Soc. Sec.*, No. 17cv1823-CAB-MDD, 2020 U.S. Dist. LEXIS 147006, at *3–*4 (S.D. Cal. Aug. 14, 2020) (not applying the lodestar calculation when the motion was not opposed by the Commissioner or plaintiff); *Berry v. Saul*, No. 16cv1700-MMA-AGS, 2019 WL 6467807, at *2 n.2 (S.D. Cal. Dec. 2, 2019) (same).

*Gisbrecht*, 535 U.S. at 796.

## III. DISCUSSION

On August 4, 2021, Plaintiff and the Law Offices of Lawrence D. Rohlfing entered into a Social Security Representation Agreement ("Agreement"). ECF No. 20-2. Pursuant to the Agreement, Plaintiff agreed to pay counsel a contingency fee of 25% of past-due benefits awarded by the Commissioner for successful representation before this Court. *Id*.[3] The Agreement provides that the fee for successful representation before the Court is separate from any fee for representation before the Social Security Administration. *Id.*

Plaintiff's counsel seeks an award of $5,050.50 in attorney fees, representing approximately 6.3% of Plaintiff's $80,202.00 in past-due benefits. ECF No. 20-1 at 4, 6. Counsel argues that the amount sought is reasonable considering the services rendered and results achieved. ECF No. 20-1 at 6. Counsel's firm expended 10.6 hours of attorney and paralegal time representing Plaintiff in this matter through the entry of the order of remand. ECF No. 20-1 at 15. Additionally, if granted by the Court, counsel will reimburse Plaintiff the $2,200.00 previously received in attorney fees under the EAJA. ECF No. 20-1 at 13–14.

Upon careful review of the documents submitted and the applicable law, the Court finds that counsel's fee request is reasonable. Plaintiff's counsel and his paralegal expended 10.6 hours on this case.[4] ECF No. 20-1 at 15. The *de facto* hourly rate is $476.46,[5] which

---

[3] As an initial matter, the Court notes that the contingency fee agreement between Plaintiff and her counsel is within the statutory ceiling. *Compare* 42 U.S.C. § 406(b)(1)(A) *with* ECF No. 20-2.

[4] While every case is different, the amount of time spent on this case (7.6 hours by counsel and 3.0 hours by counsel's paralegal) is similar to the underlying cases approved in *Crawford*. 586 F.3d at 1145 (the time spent in the three underlying cases was: 19.5 hours by counsel and 4.5 hours by paralegal in *Crawford*; 17.45 hours by counsel and 4.7 hours by paralegal in *Washington*; and 26.9 hours by counsel and 2.6 hours by paralegal in *Trejo*).

[5] The rate is calculated by dividing the $5,050.50 fee requested by 10.6 hours.

falls below rates that have been approved by courts in similar cases, including in this district. *See Crawford*, 586 F.3d at 1153 (approving *de facto* hourly rates of $519, $875, and $902 in 2009); *Kikkert v. Berryhill*, No. 14cv1725-MMA-JMA, 2018 WL 3617268, at *2 (S.D. Cal. July 30, 2018) (approving *de facto* hourly rate of $943.55); *Martinez v. Berryhill*, No. 13-cv-272-JLS-JLB, 2017 WL 4700078, at *3 (S.D. Cal. Oct. 19, 2017) (approving *de facto* hourly rate of $886.52); *Likens v. Colvin*, No. 11-CV-0407-LAB-BGS, 2014 WL 6810657, at *2 (S.D. Cal. Dec. 2, 2014) (approving *de facto* hourly rate of $666.68); *Sproul v. Astrue*, No. 11-cv-1000-IEG-DHB, 2013 WL 394056, at *2 (S.D. Cal. Jan. 30, 2013) (approving *de facto* hourly rate of $800).

Moreover, "the Court finds that Plaintiff's counsel assumed a substantial risk of not recovering attorney[] fees. At the time that Plaintiff and [her] counsel signed the contingency fee agreement, Plaintiff had an unfavorable ruling from the ALJ and had just filed this action for judicial review." *Shultz*, 2020 U.S. Dist. LEXIS 147006, at *5–6; *see also Moreno v. Berryhill*, No. 13-cv-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) ("[c]ounsel assumed the risk of nonpayment inherent in a contingency agreement, [and] the fee does not exceed … the 25 percent statutory cap[.]").

Plaintiff's counsel has also submitted a billing statement detailing the work performed to litigate this case in federal court. ECF No. 20-5. There is nothing in the record to suggest substandard performance by counsel, or that counsel delayed this litigation in order to amass more in potential fees. As a result of counsel's work, Plaintiff received a favorable decision and a significant award of past-due benefits. Thus, none of the factors outlined in *Gisbrecht* favor reducing the fee award, and the Court concludes that counsel's request for attorney fees is reasonable and that it does not constitute a "windfall" to Plaintiff's counsel. *See Gisbrecht*, 535 U.S. at 808.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b). ECF No. 20. The Court **AWARDS** Brian C. Shapiro attorney fees in the amount of $5,050.50. The Court hereby **ORDERS** the Law

Offices of Lawrence D. Rohlfing, Inc., CPC to reimburse Plaintiff Shyritta W. the amount of $2,200.00 for EAJA fees previously paid by the Commissioner. The Court **DIRECTS** the Commissioner to certify the fee of $5,050.50 payable to the Law Offices of Lawrence D. Rohlfing, Inc., CPC.

**IT IS SO ORDERED**.

Dated: September 23, 2026

Allison H. Goddard

Honorable Allison H. Goddard
United States Magistrate Judge